# SANTA CRUZ COUNTY SUPERVISORS *v.* SANTA CRUZ RAILROAD COMPANY.

IN ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Submitted March 31st, 1884.—Decided April 14th, 1884.

*Jurisdiction.*

This court will not take jurisdiction to review the action of a State court if the federal question raised here was not raised below, and if no opportunity was given to the State court to pass upon it.

Motion to dismiss, on the ground that the federal question raised here was not raised below.

*Mr. Edward R. Taylor* for defendant in error, moving.

*Mr. S. O. Houghton* for plaintiff in error, opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This was a suit brought by the Santa Cruz Railroad Company to require the Board of Commissioners of the County of Santa Cruz to deliver certain bonds, claimed to be due from the county under a contract with the railroad company. The defences were, 1, that the contract was unilateral, and, therefore, not binding on the county; 2, that the board of supervisors exceeded its authority in making the contract; and, 3, that a repealing statute, passed after the contract was entered into, took away the power of the board to make any further deliveries of bonds. No objection whatever was made to the validity of the statute under which the board assumed to act in making the contract. The whole defence rested on the construction and effect to be given to certain statutes, which no one denied the constitutional power of the legislature to enact.

The ground of federal jurisdiction, relied on in the brief of counsel for the county, is "that, by the issuance of the bonds demanded in this proceeding, the State would deprive the tax-payers of the county of Santa Cruz of property without due process of law, contrary to the right, privilege or immunity secured by the first section of the Fourteenth Amendment of the Constitution of the United States."

That was not the question presented to or decided by the State court. In that court the inquiry was, whether the proceedings of the board to charge the county were according to law; not whether the law under which the proceedings were had was constitutional and binding on the tax-payers. The State court decided that the proceedings were in accordance with the requirements of the law, and thus created an obligation on the part of the county to deliver the bonds, which was not discharged by the repealing statute relied on. This decision involved no question of federal law, and is not reviewable here.

*The motion to dismiss is granted.*